UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GREGORY SCHROYER,

                  Petitioner

        v.                               C-1-05-797

ERNIE MOORE,

                  Respondent

## ORDER

This matter was referred pursuant to 28 U.S.C. § 636 to the United States Magistrate Judge for consideration and report on the Petition for Writ of Habeas Corpus filed by the petitioner pursuant to 28 U.S.C. § 2254.  The matter is before the Court upon the Report and Recommendation of the Magistrate Judge (doc. no. 11) recommending that petitioner's Motion to "hold proceedings in abeyance pending exhaustion of state remedies" (doc. no. 9) and Motion for Summary Judgment on his Motion to "hold proceedings in abeyance" (doc. no. 10) be denied. The Magistrate Judge also recommended the Petition for Writ of Habeas Corpus be denied with prejudice.  Also under consideration are petitioner's objections thereto (doc. no. 16).

2

REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on petitioner's motion "to hold proceedings in abeyance pending exhaustion of state remedies" and motion "for summary judgment on motion to hold proceedings in abeyance."  (Docs. 9, 10). In the event petitioner's motions for stay and summary judgment are denied, it also appears the matter is ripe for consideration of the petition (Doc. 1) and respondent's "Answer/Return Of Writ" with exhibits (Doc. 6).[1]

## Procedural Background

On February 25, 1998, the Clermont County, Ohio, grand jury issued an indictment charging petitioner with one count of aggravated burglary in violation of Ohio Rev. Code § 2911.11(A)(1); one count of rape in violation of Ohio Rev. Code § 2907.02(A)(2) and attached "sexually violent predator" specification; one count of kidnapping in violation of Ohio Rev. Code  § 2905.01(A)(4) and attached sex offender specifications; and one count of attempted burglary in violation of Ohio Rev. Code §§ 2911.12(A)(2) and 2923.02(A).  (Doc. 6, Ex. 1).

---

[1]It appears from the Court's docket record that petitioner was granted an extension of time until May 21, 2006 in which to file a "traverse" brief in reply to the return of writ.  (Docs. 7, 8). Although the May 21, 2006 deadline date has long since passed, petitioner never submitted a "traverse" brief for filing in this action.

3

Petitioner's trial counsel filed a motion to suppress all statements made by petitioner and all evidence obtained "from searches and seizures of the Defendant" that were conducted without a warrant. (*Id.,* Ex. 3). On August 11, 1998, after a hearing held on July 24, 1998, the trial court denied the suppression motion. (*Id.,* Ex. 4).

Thereafter, on November 4, 1998, petitioner entered guilty pleas to the charges contained in the indictment in exchange for dismissal of the sex offender specifications attached to the rape and kidnapping counts and the State's not pursuing charges as to "any offenses by this Defendant involving breaking and enterings or burglaries in unoccupied apartments in the Picadilly Complex." (*See id.,* Exs. 5–6; Ex. 25, Tr. 4–5). On February 8, 1999, petitioner was determined to be a "sexual predator subject to the reporting requirements of Section 2950 *et seq.* of the Ohio Revised Code," and sentenced to consecutive terms of imprisonment of (9) years for the aggravated burglary and rape offenses and four (4) years for the attempted burglary offense, which resulted in an aggregate prison term of twenty-two (22) years. (*Id.,* Ex. 7).[2]

Petitioner took no action to appeal or collaterally attack his conviction or sentence until approximately five and one-half years later, when on August 23, 2004, he filed a *pro se* notice of appeal and a motion for leave to file a delayed appeal with the Ohio Court of Appeals, Twelfth Appellate District. (*Id.,* Exs. 8–9).

---

[2]The kidnapping charge was merged with the rape count for purposes of sentencing. (Doc. 6, Ex. 7).

4

Petitioner indicated in his motion for delayed appeal that he was prevented from filing a timely appeal because the trial judge never told him he could appeal his conviction or sentence, and when he specifically asked his counsel after he was sentenced to file an appeal challenging the imposition of consecutive sentences, his attorney stated in response that petitioner "could not file an appeal, due to the fact that [he] had plead[ed] guilty to the charges." (*Id.,* Ex. 9, p. 2). Petitioner contended further that because the law is "incomprehensible" to him and "far beyond his ability," he was unable to discover he had a right of appeal until he obtained "aid from another prisoner more adept in understanding the law." (*Id.*).

On September 30, 2004, the Ohio Court of Appeals denied petitioner's motion for leave to file a delayed appeal and dismissed the case without opinion.[3]

Petitioner timely filed a notice of appeal to the Ohio Supreme Court, with attachments that included a motion to stay the Court of Appeals' judgment and copies of the challenged order denying petitioner's motion for delayed appeal as well as pleadings submitted by the parties in the proceeding below. (*Id.,* Ex. 15). On November 19, 2004, the Ohio Supreme Court *sua sponte* dismissed the appeal on the ground that "[i]t appears from the records of the Court that the appellant has not filed a memorandum in support of jurisdiction, due November 15, 2004 in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence." (*Id.,* Ex. 16).

---

[3]Petitioner subsequently filed an application for reconsideration with the Ohio Court of Appeals, which was denied without opinion on November 12, 2004. (Doc. 6, Exs. 12, 14).

Four months later, on March 17, 2005, an attorney acting on petitioner's behalf filed a petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.21 with the trial court. (*Id.,* Ex. 17). In the petition, petitioner essentially claimed that (1) his sentence is unconstitutional in light of the Supreme Court's decisions in *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and *Blakely v. Washington,* 542 U.S. 296 (2004), as well as Ohio Court of Appeals' decisions applying these federal precedents to Ohio's sentencing statute; and (2) his trial counsel was ineffective in retaining an expert witness, who made statements at the sentencing hearing which resulted in petitioner's classification as a "sexual predator." (*Id.*).

On April 19, 2005, the Clermont County Common Pleas Court denied the petition for post-conviction relief. (*Id.,* Ex. 20). In its Decision, the court first determined that it lacked jurisdiction to consider petitioner's ineffective assistance of counsel claim because the petition was untimely filed under Ohio Rev. Code § 2953.21(A)(2), and petitioner had not established that he fell within an exception set forth in Ohio Rev. Code § 2953.23 for excusing § 2953.21's time requirement for filing. (*Id.,* pp. 2-3). However, the court addressed the merits of petitioner's *Blakely* claim, because it "arguably rests on a newly recognized federal right" as set forth in the exception established by Ohio Rev. Code § 2953.23(A)(1)(a) for claims based on a "new federal or state right" recognized by the United States Supreme Court "that applies retroactively to persons in the petitioner's situation." (*Id.*). Nevertheless, the court went on to conclude that petitioner's *Blakely* claim lacked merit. (*Id.,* pp. 3-5).

6

Petitioner appealed this decision to the Ohio Court of Appeals, Twelfth Appellate District. (*Id.,* Exs. 21-22). In his most recent pleading filed June 9, 2006, petitioner states that the matter is still pending before that court. (*See* Doc. 10). However, after conducting its own research, the Court has discovered that the Ohio Court of Appeals issued a decision on April 10, 2006 affirming the trial court's judgment denying post-conviction relief. *See State v. Schroyer,* No. CA2005-05-032, 2006 WL 902368 (Ohio Ct. App. Apr. 10, 2006) (unpublished). Specifically, in that decision, the Court of Appeals upheld the dismissal of petitioner's ineffective assistance of counsel claim without a hearing on the ground that the claim was barred from review by res judicata because it was "based solely upon evidence in the record" and thus "could have been raised upon direct appeal." *Id.* at *3. The court also concluded that it was "unable to reach the *Blakely* issue" because petitioner "failed to demonstrate he has met the jurisdictional requirements of R.C. 2953.23(A)(1)(b)," which by its express terms "extends only to trial error and does not extend to sentencing errors, except for those occurring within the capital punishment context." (*Id.*).[4]

The instant petition for writ of habeas corpus, signed by petitioner on October 18, 2005, was "filed" with the Court on December 5, 2005. (Doc. 1). Petitioner alleges the following grounds for relief:

---

[4]The Court has not been able to determine through its research whether or not petitioner sought leave to appeal this recent decision by the Ohio Court of Appeals to the Ohio Supreme Court.

7

**Ground One**:  Petitioner was deprived of the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments.

**Supporting Facts**:  Counsel failed to advise petitioner correctly on clear points of law, including the limitations of maximum (non-minimum) and consecutive sentencing with regard to the right to have the jury determine all elements of offenses including facts which elevate the sentence; failed to advise properly regarding the "Megan's Law" process[;] and such ineffectiveness induced a guilty plea, whereas in the absence of such ineffectiveness, Petitioner would have insisted on a trial.

**Ground Two**:  Petitioner was deprived of his Sixth Amendment right to trial by jury with regard to the imposition of maximum and consecutive sentences in the absence of a valid waiver.

**Supporting Facts**:  Petitioner was sentenced to serve maximum and consecutive terms of incarceration without any valid waiver of his Sixth Amendment right to have all elements of offenses, even those relating solely to punishment, found by a jury.

**Ground Three**:  Petitioner was deprived his right to Due Process and Equal Protection by denying access to state court appellate remedies, due to ineffective counsel.

**Supporting Facts**:  Petitioner was advised by counsel that, due to the fact that a guilty plea was entered, he (petitioner) was not permitted to appeal.  This deprived Petitioner of the opportunity to timely appeal and Petitioner was arbitrarily denied leave to perfect a de[l]ayed appeal, thereby interjecting potential procedural defaults into the grounds presented herein.   The ineffective advi[c]e of counsel prejudiced the appellate process results against Petitioner.

**Ground Four**:  Appellant was deprived of due process of law by the imposition of a sexual predator specification and the attendant registration and notification requirements in the absence of sufficient evidence [and without providing the procedural safeguards required by due process of law].

(*Id.,* pp. 5–6).

Respondent has filed a return of writ responding to petitioner's allegations, wherein he contends that the petition is barred from review on statute of limitations grounds.  (Doc. 6, Brief, pp. 7–16).  Respondent alternatively argues that petitioner has not exhausted the claim alleged in Ground Two; has waived the claims alleged in Grounds One and Three due to his procedural defaults in the state courts; and has not alleged a cognizable claim for relief in Ground Four of the petition.  (*Id.,* pp. 15–21).

After the return of writ was filed in this case, petitioner filed his motion "to hold proceedings in abeyance pending exhaustion of state remedies" (Doc. 9), followed by his motion "for summary judgment on [the] motion to hold proceedings in abeyance" (Doc. 10).   Petitioner contends in these motions that a stay is necessary in this case so that he may completely exhaust the state post–conviction appeal remedy with respect to his claims for relief that are based on the Supreme Court's *Blakely* decision.  (*See* Docs. 9, 10).

## OPINION

### A.  Petitioner's Motions For Stay Of The Instant Action (Doc. 9) And For Summary Judgment On His Motion For Stay (Doc.  10) Should Be Denied

As petitioner points out, a federal habeas petition may in certain circumstances be stayed so that the petitioner can return to the state courts to pursue an unexhausted claim for relief.  Recently, however, the Supreme Court held the district court's discretion to issue a stay is circumscribed to the extent it must "be compatible with [the] purposes" of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  *Rhines v. Weber,* 544 U.S. 269, 276 (2005).

In *Rhines,* the Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)).  In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants:  before you bring any claims in federal court, be sure that you first have taken each one to state court."  *Id.* at 276-77 (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

> The Court went on to determine that:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes.  Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings.  It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .

> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive

10

litigation tactics or intentional delay." *Id.* at 277–78.  However, on the other hand,

"it likely would be an abuse of discretion for a district court to deny a stay and to

dismiss a mixed petition if the petitioner had good cause for his failure to exhaust,

his unexhausted claims are potentially meritorious, and there is no indication that

the petitioner engaged in intentionally dilatory litigation tactics."  *Id.* at 278.

Although respondent has not opposed petitioner's motion for stay and

abeyance, it would be an abuse of discretion for this Court to grant a stay in this

case because petitioner's "unexhausted" claim for relief alleged in Ground Two

stemming from the alleged violation of his constitutional rights under the Supreme

Court's *Blakely* decision is "plainly meritless."  Although the Ohio Supreme Court

recently held on February 27, 2006 in *State v. Foster,* 845 N.E.2d 470 (Ohio), *cert.*

*denied,* 127 S.Ct. 442 (2006), that Ohio's sentencing laws violate the Sixth

Amendment in light of *Blakely*, that decision extends only to cases that were still

"pending on direct review."  *See id.* at 499.  Moreover, the Sixth Circuit has held

that *Blakely* and its progeny do not apply retroactively in collateral proceedings

after a conviction has become final on direct appeal.  *See, e.g., Humphress v.*

*United States,* 398 F.3d 855, 860–63 (6th Cir.), *cert. denied,* 126 S.Ct. 199 (2005);

*cf. Spiridigliozzi v. United States,* 117 Fed.Appx. 385, 394 (6th Cir. Nov. 15, 2004)

(not published in Federal Reporter).

11

Here, petitioner's conviction became final in March 1999, when the 30-day period set forth in Ohio R. App. P. 4(A) expired for filing a timely appeal from the February 8, 1999 judgment of conviction and sentence, long before *Foster, Blakely* or even *Apprendi* were decided. Because, as discussed above, *see supra* p. 7, these cases are thus inapplicable in the instant federal habeas proceeding or in the purportedly "pending" state collateral review proceeding instituted by petitioner in 2005, a stay so that petitioner may completely exhaust the "plainly meritless" *Blakely* claim in any currently pending appeal from the denial of state post-conviction relief would not be appropriate under *Rhines,* 544 U.S. at 277. *Cf. Browning v. Ohio,* No. 2:06-cv-0005, 2006 WL 2583381, at *6-7 (S.D. Ohio Sept. 7, 2006) (Watson, J.) (adopting Report and Recommendation to dismiss habeas petition containing an unexhausted *Blakely* claim, which was determined to be "plainly without merit" because the petitioner's conviction became final by the expiration of time for filing a timely appeal five days before *Blakely* was decided) (unpublished); *Williams v. Hurley,* No. 2:05-cv-985, 2006 WL 1650771, at *11 (S.D. Ohio June 6, 2006) (Report & Recommendation) (King, M.J.) (petitioner's unexhausted *Blakely* claim, then pending before the trial court for ruling on a motion for modification and correction of sentence, was subject to dismissal without prejudice, rather than stay-and-abeyance, in part because the claim appeared to be "plainly without merit"), *adopted,* 2006 WL 1804550 (S.D. Ohio June 28, 2006) (Holschuh, J.) (unpublished).

12

Accordingly, it is RECOMMENDED that petitioner's motion "to hold proceedings in abeyance pending exhaustion of state remedies" (Doc. 9) and motion "for summary judgment on motion to hold proceedings in abeyance" (Doc. 10) be DENIED.

## B. Petitioner Has Waived The Claims Alleged In Grounds One And Three Of The Petition Due To His Procedural Defaults In The State Courts

In Ground One of the petition, petitioner alleges he was denied effective assistance of counsel because his trial attorney (1) failed to advise him of his right established in *Blakely* to have the jury determine the facts which elevated his sentence, and (2) failed to advise properly regarding the "Megan's Law" process in determining his "sexual predator" classification. (Doc. 1, p. 5). In Ground Three of the petition, petitioner claims that he was denied his constitutional right of appeal when he failed to timely appeal his conviction based on his trial counsel's improper advice to the effect that he "was not permitted to appeal" after pleading guilty to the charges contained in the indictment. (*Id.,* p. 6).

As mentioned above, *see supra* p. 5, respondent has argued in the return of writ that petitioner has waived these claims for relief due to his procedural defaults in the state courts. (Doc. 6, Brief, pp. 9–12). Respondent's argument has merit.[5]

─────────────────

[5]As discussed earlier, *see supra* p. 5, respondent also contends in the return of writ that the petition is barred from review under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d). However, because the Court finds that the petition is subject to dismissal with prejudice based on petitioner's alternative arguments for denying relief, the Court need not address the statute of limitations issue herein.

13

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999).

If petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived. *See O'Sullivan,* 526 U.S. at 847–48; *Harris v. Reed,* 489 U.S. 255, 260–62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court on the merits and he can

14

no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner never raised the specific ineffective assistance of counsel claims alleged in Ground One of the petition to the Ohio courts, either by way of his motion for delayed appeal to the Ohio Court of Appeals or his petition for state-conviction relief.[6]  Moreover, to the extent petitioner raised the claim alleged in Ground Three of the petition in his motion for delayed appeal to the Ohio Court of Appeals, he committed a procedural default by failing to perfect an appeal to the Ohio Supreme Court from the Court of Appeals' denial of his motion for delayed appeal.

---

[6]In his motion for delayed appeal to the Ohio Court of Appeals, petitioner only challenged his counsel's conduct based on the allegations contained in Ground Three of the petition-i.e., that his counsel improperly informed him that he had no right to appeal his sentence after entering a guilty plea in the case. (*See* Doc. 6, Ex. 9).  Moreover, although in his state post-conviction petition, petitioner asserted a *Blakely* claim and argued his counsel was ineffective in retaining the expert who testified at the sexual predator hearing, petitioner did not challenge his counsel's conduct as alleged in the instant petition based on counsel's failure to lodge an objection at sentencing based on *Blakely* or on the ground that she improperly advised petitioner about the "Megan's Law" classification, registration and notification process. (*See id.,* Ex. 17).

15

It is well-settled that, on federal habeas corpus review, a court may be barred from considering an issue of federal law from a judgment of a state court if the state judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *Harris,* 489 U.S. at 260-62. The "adequate and independent state ground" doctrine has been applied to state decisions refusing to address the merits of a federal claim because of violations of state procedural rules. *Id.* at 261; *Sykes,* 433 U.S. at 86-87; *see also McBee,* 763 F.2d at 813.

Such a procedural default does not bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on the state procedural bar. *Harris,* 489 U.S. at 263. In cases where the last state court to render a reasoned opinion on the claim explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803-04 (1991).

16

In addition, the rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the state courts is deemed "adequate" or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423–24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir.), *cert. denied,* 531 U.S. 940 (2000)), *rev'd on other grounds,* 546 U.S. 74 (2005) (*per curiam*); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992), *cert. denied,* 507 U.S. 932 (1993).

In this case, petitioner attempted a timely appeal to the Ohio Supreme Court. However, the Ohio Supreme Court *sua sponte* dismissed the appeal on the ground that petitioner had failed to prosecute the case "with the requisite diligence" because he did not timely file a memorandum in support of jurisdiction in accordance with the Rules of Practice of the Supreme Court of Ohio, *see. e.g.,* Rule II, § 2(A)(1)(a), and Rule III, § 1, Rules of Practice of Supreme Court of Ohio. (*See* Doc. 6, Ex. 16). In so ruling, the court clearly and expressly relied on both an independent and adequate state ground stemming from petitioner's non-compliance with the court's well-established and regularly-followed written procedural rules governing the timing and filing of the requisite appeal documents. (*See id.*).

17

Accordingly, in sum, the Court concludes that as a result of his procedural defaults in the state courts, petitioner has waived the claims alleged in Grounds One and Three of the petition absent a showing of cause and prejudice, or that failure to consider such claims will result in a "fundamental miscarriage of justice."

Petitioner has neither presented any argument to justify his failure to bring the ineffective assistance of counsel claims specifically alleged in Ground One of the petition to the state courts' attention, nor provided any explanation for his failure to perfect an appeal to the Ohio Supreme Court from the denial of his delayed appeal motion with respect to the claim alleged in Ground Three of the petition. Petitioner also has not demonstrated a fundamental miscarriage of justice will occur if his procedurally-defaulted claims are not considered, or in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995).

Therefore, the claims alleged in Grounds One and Three of the petition should be dismissed with prejudice on the ground that they are waived and thus procedurally barred from review in this federal habeas proceeding.

### C. Petitioner Is Not Entitled To Relief Based On His Claim Alleged In Ground Two Of A *Blakely* Violation In Sentencing

In Ground Two of the petition, petitioner contends that the trial court violated his constitutional rights when it imposed consecutive, non-minimum sentences as punishment for the criminal offenses charged against him in the absence of a valid waiver of his Sixth Amendment right to have the jury make the requisite factual findings in determining the appropriate punishment. (Doc. 1, p. 5). As the Court has already extensively discussed in addressing petitioner's motions for stay and for summary judgment on the motion for stay, *see supra* pp. 7-8, this claim, which is based on the Supreme Court's *Apprendi* and *Blakely* decisions rendered after petitioner's conviction and sentence became final in March 1999, is "plainly meritless."

Accordingly, petitioner is not entitled to relief based on the claim alleged in Ground Two of the petition.

### D. The Claim Alleged In Ground Four Challenging Petitioner's "Sexual Predator" Classification Under Ohio Rev. Code Chapter 2950 Is Not Cognizable In This Federal Habeas Proceeding

In Ground Four of the petition, petitioner claims that he was denied due process when the trial court determined him to be a "sexual predator" subject to Ohio's registration and notification provisions for sex offenders after their release from prison, which are set forth in Ohio Rev. Code Chapter 2950, "in the absence of sufficient evidence" and "without providing procedural safeguards." (Doc. 1, p. 6).

The Sixth Circuit has held that a state prisoner's subjection upon his release from prison to Ohio's statutory classification, registration and notification provisions for sex offenders does not constitute "a severe and immediate restraint on his liberty sufficient to satisfy the 'in custody' prerequisite for federal habeas corpus review. *Leslie v. Randle,* 296 F.3d 518, 521–23 (6th Cir. 2002). Therefore, this Court lacks subject matter jurisdiction to consider the claim alleged in Ground Four challenging petitioner's classification as a "sexual predator" or the proceedings held by the trial court for the purpose of determining his status as a sex offender subject to the registration and notifications provisions set forth in Ohio Rev. Code Chapter 2950. *Cf. Beckley v. Taft,* No. 1:06–cv–1392, 2006 WL 2457825, at *3 n.1 (N.D. Ohio Aug. 23, 2006) (unpublished); *Noland v. Hurley,* No. 2:05–cv–682, 2006 WL 1580139, at *4–6 (S.D. Ohio Mar. 21, 2006) (Abel, M.J.) (Report & Recommendation) (unpublished), *adopted,* 2006 WL 1489705 (S.D. Ohio May 26, 2006) (Marbley, J.) (unpublished);  *see also Goodballet v. Mack,* 266 F.Supp.2d 702, 707–08 (N.D. Ohio 2003) (petitioner's adjudication as a sexual predator, which was not a part of the sentence, but rather merely constituted a "collateral consequence" of the conviction, did not serve to toll the one–year statute of limitations governing his claims for federal habeas relief under 28 U.S.C. § 2244(d)).

Accordingly, the claim for relief alleged in Ground Four of the petition is not cognizable in this federal habeas proceeding.

20

## CONCLUSION

Upon careful consideration of the petitioner's objections, and upon conducting a *de novo* review of the record, especially in light of petitioner's objections, the Court finds that petitioner's contentions have either been adequately addressed and properly disposed of by the Judge or present no particularized arguments that warrant specific responses by this Court. The Court finds that the Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Judge.

Accordingly, the Court accepts the factual findings and legal reasoning of the Magistrate Judge and hereby **ADOPTS** his Report and Recommendation dated December 6, 2006. Petitioner's Motion "to hold proceedings in abeyance pending exhaustion of state remedies" (doc. 9) and Motion for Summary Judgment on his Motion to hold proceedings in abeyance (doc. 10) are **DENIED**.

Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (doc. 1) is **DENIED WITH PREJUDICE**.

A certificate of appealability shall not issue with respect to petitioner's claims for relief alleged in Grounds One and Three of the petition, which this Court has concluded are waived and thus barred from review on procedural grounds, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural rulings" under the first prong of the applicable two-part

- 21 -

standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).[7]  A certificate of appealability also shall not issue with respect to the claims alleged in Grounds Two and Four of the petition, which have been addressed on the merits herein, because petitioner has failed to make a substantial showing of the denial of a constitutional right in those grounds for relief that is remediable in this proceeding.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENIES** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

---

[7]Because this Court finds that the first prong of the *Slack* standard has not been met, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in Grounds One and Three of the petition.  *See Slack*, 529 U.S. at 484.  However, it is noted that for the reasons stated in rejecting petitioner's claims alleged in Grounds Two and Four of the petition, *see supra* pp. 12-13, which also underlie petitioner's ineffective assistance of counsel claim alleged in Ground One, petitioner is unable to satisfy the second prong of the *Slack* test with respect to Ground One of the petition.

- 22 -

This matter is hereby **DISMISSED AND TERMINATED** on the docket of this

Court.

**IT IS SO ORDERED.**

_____s/Herman J. Weber_____
Herman J. Weber, Senior Judge
United States District Court
